UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AURORA LOAN SERVICES LLC,

              Plaintiff,

            v.

DAVID SADEK; WINTHROP ABSTRACT,
LLC; FIRST FINANCIAL EQUITIES, INC.;
THE CLOSING NETWORK, LTD.; 100 W.
58TH ST. 7C LLC; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; JPMORGAN CHASE
BANK, N.A.; BOARD OF MANAGERS
WINDSOR PARK CONDOMINIUM;
WINDSOR TOV LLC; FREMONT
INVESTMENT & LOAN; JOHN DOES 1-
10,

            Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/29/10

DOCKET NO.: 09-CV-9651 (HB)

DEFAULT JUDGMENT

WHEREAS, this action having been commenced on November 19, 2009 with the filing

of the Summons and Complaint, and an Amended Complaint having been filed on April 14,

2010 in which plaintiff Aurora Loan Services LLC ("Plaintiff") seeks, among other things, relief

relating to real property located at 100 West 58th Street, Unit 7C, New York, NY ("Unit 7C")

and 100 West 58th Street, Unit 5F, New York, NY ("Unit 5F");

AND, WHEREAS, a copy of the Summons and Amended Complaint having been

personally served upon defendant David Sadek ("Sadek"), through his daughter, at Sadek's

primary residence on May 5, 2010 as evidenced by the proof of service that was filed with the

court on June 4, 2010 and Sadek having failed to answer the Amended Complaint and his time

for answering the Amended Complaint having expired;

AND, WHEREAS, a copy of the Summons and Amended Complaint having been served

upon defendant Winthrop Abstract, LLC ("Winthrop") via its authorized agent, the Secretary of the State of New York, on May 17, 2010 and proof of service having been filed with the court on June 4, 2010, and Winthrop having failed to answer the Amended Complaint and its time to do so has expired;

AND, WHEREAS, a copy of the Summons and Amended Complaint having been served upon defendant First Financial Equities, Inc. ("FFE") through its authorized agent/officer, Sadek, on May 15, 2010, and proof of service having been filed with the court on June 4, 2010, and FFE having failed to appear or answer the Amended Complaint and its time to do so has expired;

AND, WHEREAS, a copy of the Summons and Amended Complaint having been served upon defendant 100 W. 58th St. 7C LLC ("100 W. 58th LLC") through its authorized agent/officer, Sadek, on May 15, 2010 and proof of service having been filed with the court on June 4, 2010 and 100 W. 58th LLC having failed to appear or answer the Amended Complaint and its time to do so has expired;

AND, WHEREAS, a copy of the Summons and Amended Complaint were served upon defendant Mortgage Electronic Registration Systems, Inc. ("MERS") by serving its registered agent, CT Corporation, on May 6, 2010 and proof of service having been filed with the court on June 4, 2010 and MERS having failed to appear or answer the Amended Complaint and its time to do so has expired;

AND, WHEREAS, a copy of the Summons and Amended Complaint having been served upon defendant Windsor Park Condominium ("Windsor Condo") through its authorized agent, Joe Hernandez, on May 10, 2010 and proof of service having been filed with the court on June 4, 2010 and Windsor Condo having failed to appear or answer the Amended Complaint and its time to do so has expired;

AND, WHEREAS, a copy of the Summons and Amended Complaint having been served upon defendant Windsor Tov LLC ("Windsor") through its authorized agent, CSC Corporation, on May 5, 2010 and proof of service having been filed with the court on June 4, 2010 and Windsor failed to appear or answer the Amended Complaint and its time to do so has expired;

AND, WHEREAS, a copy of the Summons and Amended Complaint having been served upon defendant Fremont Investment & Loan ("Fremont") through its registered agent, CT Corporation, on May 6, 2010 and proof of service having been filed with the court on June 4, 2010 and Fremont having failed to appear or answer the Amended Complaint and its time to do so has expired; it is hereby

ORDERED, ADJUDGED AND DECREED, that default judgment be entered against defendants Windsor and Sadek on the First Cause of Action; and it is further

ORDERED, that based upon the Windsor's and Sadek's default in responding to the First Cause of Action, Plaintiff is hereby authorized to record a copy of the Unit 7C Deed against Unit 7C in lieu of an original; and it is further

ORDERED, that based upon the Windsor's and Sadek's default in responding to the First Cause of Action, Plaintiff is hereby granted an equitable mortgage in the amount of $1,350,000 on Unit 7C; and it is further

ORDERED, that default judgment be entered against defendants Windsor and Sadek on the Third Cause of Action; and it is further

ORDERED, that based upon Windsor's and Sadek's default in responding to the Third Cause of Action, Plaintiff is hereby authorized to record a copy of the Unit 5F Deed against Unit 5F in lieu of an original; and it is further

ORDERED, that based upon Windsor's and Sadek's default in responding to the Third

3

Cause of Action, Plaintiff is hereby granted an equitable mortgage in the amount of $1,200,000

on Unit 5F; and it is further

ORDERED, that default judgment be entered against defendants Sadek, MERS, 7C LLC,

Board of Managers, Windsor and Fremont on the Fifth Cause of Action; and it is further

ORDERED, that HOGANLOVELLS ~ be appointed as Referee to compute the

*ELIOT SAGOR ESQ  – NY NY 10022*

*TEL# 212 918 3641*

sums due to Plaintiff on the equitable mortgage held on Unit 5F; and it is further

ORDERED, that default judgment be entered against defendant Winthrop on the Seventh

Cause of Action for breach of contract, the Ninth Cause of Action for negligence and the

Eleventh Cause of Action for unjust enrichment in a sum to be determined at a proof hearing;

and it is further

ORDERED, that default judgment be entered against defendants Sadek and FFE on the

Twelfth Cause of Action for fraud in a sum to be determined at a proof hearing; and it is further

ORDERED, that default judgment be entered against defendants Sadek, FFE and 7C LLC

on the Thirteenth Cause of Action for fraud in a sum to be determined at a proof hearing.

Dated:  New York, New York
          _____, 2010

_____
HAROLD BAER, JR., U.S.D.J.


This document was entered on the docket
on _____, 2010.

4