ZISHOLTZ & ZISHOLTZ, LLP
170 Old Country Road, Suite 300
Mineola, New York 11501
(516) 741-2200
*Attorneys for Defendant-The Closing Network*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

AURORA LOAN SERVICES LLC,                           Index No.: 09-CV-9651 (HB)

                         Plaintiff,

          -against-                                 **AMENDED ANSWER**
                                                    **JURY TRIAL DEMANDED**

DAVID SADEK; WINTHROP ABSTRACT, LLC,
FIRST FINANCIAL EQUITIES, INC.; THE
CLOSING NETWORK, LTD.; 100 W. 58TH ST. 7C
LLC; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; JPMORGAN CHASE BANK, N.A.;
BOARD OF MANAGERS WINDSOR PARK
CONDOMINIUM; WINDSOR TOV LLC; FREMONT
INVESTMENT & LOAN; JOHN DOES 1-10,

                         Defendants.

------------------------------------------------------------------x

        Defendant, **THE CLOSING NETWORK, LTD**. ("**CLOSING NETWORK**"), by **Zisholtz**

**& Zisholtz, LLP**, its attorneys, in answering the Complaint, respectfully alleges:

        <u>**FIRST:**</u>        Denies knowledge or information sufficient to form a belief as to

each and every allegation contained in paragraphs marked "1", "2", "3", "4", "6", "7", "8", "9",

"10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25",

"26", "27", "28", "29", "31", "32", "33", "34", "35", "37", "38", "39", "40", "41", "42", "43",

"44", "45", "46", "47", "48", "49", "50", "51", "52" and "53" of the Complaint.

        <u>**SECOND:**</u>      Denies each and every allegation contained in paragraphs

marked "30" and "36" of the Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

**THIRD:**     Answering the allegations contained in paragraph marked "54" of the Complaint, this defendant repeats, reiterates and realleges each and every admission, denial or allegation heretofore had herein with the same force and effect as if fully set forth herein at length.

**FOURTH:**     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs marked "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65" and "66" of the Complaint.

**FIFTH:**     Denies each and every allegation contained in paragraph marked "61" of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

**SIXTH:**     Answering the allegations contained in paragraph marked "67" of the Complaint, this defendant repeats, reiterates and realleges each and every admission, denial or allegation heretofore had herein with the same force and effect as if fully set forth herein at length.

**SEVENTH:**   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs marked "68", "69", "70", "71", "72", "73", "74", "75", "76" and "77" of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

**EIGHTH:**     Answering the allegations contained in paragraph marked "78" of the Complaint, this defendant repeats, reiterates and realleges each and every admission, denial or allegation heretofore had herein with the same force and effect as if fully set forth herein at length.

**NINTH:** Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs marked "79", "80", "81", "82", "83", "84", "86", "87", "88", "89" and "90" of the Complaint.

**TENTH:** Denies each and every allegation contained in paragraph marked "85" of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

**ELEVENTH:** Answering the allegations contained in paragraph marked "91" of the Complaint, this defendant repeats, reiterates and realleges each and every admission, denial or allegation heretofore had herein with the same force and effect as if fully set forth herein at length.

**TWELFTH:** Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs marked "92", "93", "94", "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", "105" and "106" of the Complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION

**THIRTEENTH:** Answering the allegations contained in paragraph marked "107" of the Complaint, this defendant repeats, reiterates and realleges each and every admission, denial or allegation heretofore had herein with the same force and effect as if they are set forth herein at length.

**FOURTEENTH:** Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs marked "108", "109", "110", "111", "112", "113", "114", "115", "116", "117", "118", "119", "120", "121" and "122" of the Complaint.

### ANSWERING THE SIXTH CAUSE OF ACTION

**FIFTEENTH:**         Answering the allegations contained in paragraph marked "123" of the Complaint, this defendant repeats, reiterates and realleges each and every admission, denial or allegation heretofore had herein with the same force and effect as if fully set forth herein at length.

**SIXTEENTH:**         Denies each and every allegation contained in paragraphs marked "125", "126", "127" and "128" of the Complaint.

**SEVENTEENTH:**         Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs marked "129" and "130" of the Complaint.

### ANSWERING THE SEVENTH CAUSE OF ACTION

**EIGHTEENTH:**         Answering the allegations contained in paragraph marked "131" of the Complaint, this defendant repeats, reiterates and realleges each and every admission, denial or allegation heretofore had herein with the same force and effect as if fully set forth herein at length.

**NINETEENTH:**         Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs marked "132", "133", "134", "135", "136", "137", "138", "139", "140", "141", "142", "143", "144", "145", "146" and "147" of the Complaint.

### ANSWERING THE EIGHTH CAUSE OF ACTION

**TWENTIETH:**         Answering the allegations contained in paragraph marked

"148" of the Complaint, this defendant repeats, reiterates and realleges each and every admission, denial or allegation heretofore had herein with the same force and effect as if fully set forth herein at length.

**TWENTY-FIRST:**       Denies each and every allegation contained in paragraphs marked "149", "150", "151", "152" and "153" of the Complaint.

**TWENTY-SECOND:**       Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs marked "154" and "155" of the Complaint.

## ANSWERING THE NINTH CAUSE OF ACTION

**TWENTY-THIRD:**       Answering the allegations contained in paragraph marked "156" of the Complaint, this defendant repeats, reiterates and realleges each and every admission, denial or allegation heretofore had herein with the same force and effect as if fully set forth herein at length.

**TWENTY-FOURTH:**       Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs marked "157", "158", "159", "160", "161", "162", "163", "164", "165", "166", "167", "168", "169", "170", "171" and "172" of the Complaint.

## ANSWERING THE TENTH CAUSE OF ACTION

**TWENTY-FIFTH:**    Answering the allegations contained in paragraph marked "173" of the Complaint, this defendant repeats, reiterates and realleges each and every admission, denial or allegation heretofore had herein with the same force and effect as if fully set forth herein at length.

5

**TWENTY-SIXTH:**   Denies each and every allegation contained in paragraphs marked "174", "175", "176", "177", "178", "179" and "180" of the Complaint.

## ANSWERING THE ELEVENTH CAUSE OF ACTION

**TWENTY-SEVENTH:**   Answering the allegations contained in paragraph marked "181" of the Complaint, this defendant repeats, reiterates and realleges each and every admission, denial or allegation heretofore had herein with the same force and effect as if fully set forth herein at length.

**TWENTY-EIGHTH:**   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs marked "182", "183" and "184" of the Complaint.

## ANSWERING THE TWELFTH CAUSE OF ACTION

**TWENTY-NINTH:**   Answering the allegations contained in paragraph marked "185" of the Complaint, this defendant repeats, reiterates and realleges each and every admission, denial or allegation heretofore had herein with the same force and effect as if fully set forth herein at length.

**THIRTIETH:**   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs marked "186, "187", "188", "189", "190", "191", "192", "193", "194", "195" and "196" of the Complaint.

## ANSWERING THE THIRTEENTH CAUSE OF ACTION

**THIRTY-FIRST:**   Answering the allegations contained in paragraph marked "197" of the Complaint, this defendant repeats, reiterates and realleges each and every admission, denial or allegation heretofore had herein with the same force and effect as

6

if fully set forth herein at length**.**

    **THIRTY-SECOND:**        Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs marked "198", "199", "200", "201", "202", "203", "204", "205", "206" and "207" of the Complaint.

**AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

    **THIRTY-THIRD:**        That the defendant, **CLOSING NETWORK,** was not the Settlement Agent and/or did not participate in the transaction at issue in this litigation as alleged by the plaintiff.

    **THIRTY-FOURTH:**        That by reason of the foregoing, the defendant is not liable to the plaintiff.

**AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

    **THIRTY-FIFTH:**        Any damages sustained by plaintiff were caused by intervening and/or superseding factors that relieve this defendant from any liability in this action.

    **THIRTY-SIXTH:**        That by reason of the foregoing, the plaintiff is not owed any money from this defendant.

**AS AND FOR A THIRD SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE AND FIRST CROSS CLAIM AGAINST
THE DEFENDANTS, DAVID SADEK AND FIRST FINANCIAL EQUITIES, INC.
FOR WHICH A RESPONSE IS DEMANDED**

    **THIRTY-SEVENTH:**        That at all times herein mentioned, the defendant, **CLOSING NETWORK**, was and still is a corporation formed under the laws of the State of New York with a principal business in New Rochelle, New York.

    **THIRTY-EIGHTH:**        That at all times herein mentioned, the defendant, **DAVID SADEK** ("**SADEK**") is a resident of the State of New Jersey.

7

**THIRTY-NINTH:**       That at all times herein mentioned, the defendant, **FIRST FINANCIAL EQUITIES, INC**. ("**FFE**") was a corporation formed under the laws of the State of New York, with principal place of business at 300 Frank W. Burr Boulevard, 4th Floor, Teaneck, New Jersey 07666 and 25 Rockwood Place, Englewood, New Jersey 07631.

**FORTIETH:**       That at all times herein mentioned and upon information and belief, the defendant, **SADEK,** was an officer, shareholder, principal or employee of the defendant, **FFE.**

**FORTY-FIRST**:       That on or about February 21, 2006, **SADEK** purchased two condominium units, Unit 7C and Unit 5F at 100 West 58th Street, New York, New York.

**FORTY-SECOND:**       That on or about February 21, 2006, in order to finance his purchase of Unit 7C, **SADEK,** purportedly obtained two loans and executed two mortgages in favor of the defendant, **FFE** in the sum of $995,000.00 and $400,000.00 respectively secured by Unit 7C.

**FORTY-THIRD:**       That on or about February 21, 2006, in order to finance his purchase of Unit 5F, **SADEK,** purportedly obtained two loans and executed two mortgages in favor of the defendant, **FFE** in the sum of $990,000.00 and $270,000.00 respectively secured by Unit 5F.

**FORTY-FOURTH:**       That on or about February 27, 2006, the defendant, **SADEK** refinanced his Unit 7C mortgages with **FFE** in the sum of $1,350,000.00 in which **SADEK** agreed to repay the sum, with interest in monthly payments commencing April 1, 2006 and continuing through March 1, 2036 under the terms and conditions of Note and Mortgage.

**FORTY-FIFTH:**       That on or about February 27, 2006, the defendant,

**SADEK** and the defendant, **FFE**, jointly and severally, assumed dominion and control over the defendant, **CLOSING NETWORK** as its settlement agent in connection with the refinance closing of Unit 7C, without the knowledge or consent of **CLOSING NETWORK**.

  **FORTY-SIXTH:**  That on or about February 27, 2006, the defendant, **SADEK** and the defendant, **FFE**, jointly and severally, falsely, fraudulently, deceptively manipulated and generated the closing documents in relating to the Unit 7C refinance, including but not limited to a HUD-1 Statement, Note and Mortgage on behalf of **CLOSING NETWORK** without the knowledge or consent of **CLOSING NETWORK**.

  **FORTY-SEVENTH:**  That on or about February 27, 2006, the defendant, **SADEK** refinanced his Unit 5F mortgages with **FFE** in the sum of $1,200,000.00 in which **SADEK** agreed to repay the sum, with interest in monthly payments commencing April 1, 2006 and continuing through March 1, 2036 under the terms and conditions of Note and Mortgage.

  **FORTY-EIGHTH;**  That on or about February 27, 2006, the defendant, **SADEK** and the defendant, **FFE**, jointly and severally, assumed dominion and control over the defendant, **CLOSING NETWORK** as its settlement agent in connection with the refinance closing of Unit 5F, without the knowledge or consent of **CLOSING NETWORK**.

  **FORTY-NINTH:**  That on or about February 27, 2006, the defendant, **SADEK** and the defendant, **FFE,** jointly and severally, falsely, fraudulently, deceptively manipulated and generated the closing documents in relating to Unit 5F refinance, including but not limited to a HUD-1 Statement, Note and Mortgage on behalf of **CLOSING NETWORK** without the knowledge or consent of **CLOSING NETWORK**.

  **FIFTIETH:**  That the defendants, **SADEK** and **FFE** planned as part of

9

their scheme to defraud the parties and its successors in the transaction by wrongfully using the name of **CLOSING NETWORK** as the settlement agent in connection with Unit 7C refinance and Unit 5F refinance on or about February 27, 2006.

**FIFTY-FIRST:**          That the foregoing fraudulent and deceptive conduct and manipulation by the defendant, **SADEK** and the defendant, **FFE** were willful, deliberate, malicious, wanton and irresponsible and with the intent to injure and damage **CLOSING NETWORK.**

**FIFTY-SECOND**:          That by reason of the foregoing, the defendant, **CLOSING NETWORK**, is entitled to judgment over and against the defendants, **SADEK** and **FFE**, jointly and severally, in the compensatory sum of $500,000.00 or such other sum or sums may be ultimately be determined by the triers of fact, and in the event of any recovery by the plaintiff herein against **CLOSING NETWORK** and for reimbursement of all fees, expenses, including but not limited to reasonable counsel fees.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE AND SECOND CROSS CLAIM AGAINST
THE DEFENDANTS, DAVID SADEK AND FIRST FINANCIAL EQUITIES, INC.
FOR WHICH A RESPONSE IS DEMANDED**

**FIFTY-THIRD**:          Defendant, **CLOSING NETWORK**, repeats, reiterates and realleges each and every allegation heretofore had herein contained in paragraphs marked "THIRTY-SEVENTH" though " FIFTY-SECOND"inclusive, of the Amended Answer, with the same force and effect as if fully set forth herein at length.

**FIFTY-FOURTH:**          In manipulating and forging closing documents on behalf of the settlement agent without knowledge of **CLOSING NETWORK**, the defendants, **SADEK** and **FFE** violated the banking laws of the State of New York and the Uniform Commercial Code

fo the State of New York as well as reasonable commercial practices prevailing in the banking community.

**FIFTY-FIFTH:**      That by reason of the foregoing, **CLOSING NETWORK** has been damaged in compensatory sum or sums as may be determined, together with punitive damages in the sum or sums as may be ultimately determined by the triers of fact, not less than $1,000,000.00.

**AS AND FOR A FIFTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE AND THIRD CROSS CLAIM AGAINST
THE DEFENDANTS, DAVID SADEK AND FIRST FINANCIAL EQUITIES, INC.
FOR WHICH A RESPONSE IS DEMANDED**

**FIFTY-SIXTH:**      That defendant, **CLOSING NETWORK**, repeats, reiterates and realleges each and every allegation heretofore had herein contained in paragraphs marked "THIRTY-SEVENTH" though " FIFTY-FIFTH"inclusive, of the Amended Answer, with the same force and effect as if fully set forth herein at length.

**FIFTY-SEVENTH:**  That defendant, **CLOSING NETWORK** has been compelled to defend in this action and has incurred legal fees and other expenses in the sum of not less than $25,000.00, or such sum of sums to be determined.

**WHEREFORE,** defendant, **CLOSING NETWORK,**, demands judgment dismissing the complaint as against them,  together with the costs and disbursements of this action; that on the First Cross Claim, that the defendant, **CLOSING NETWORK** demands judgment against defendants, **SADEK** and **FFE,** jointly and severally, in the compensatory sum of $500,000.00, or in the event judgment is granted or entered in favor of the plaintiff, that **CLOSING NETWORK** have judgment over and against the defendants, **SADEK** and **FFE,** jointly and severally, together

11

with interest, reasonable counsel fees, and the costs and disbursements of this action; and on the Second Cross Claim, that the defendant, **CLOSING NETWORK** demands judgment against defendants, **SADEK** and **FFE**, jointly and severally, for the punitive damages in the sum or sums as may be ultimately determined by the triers of fact, not less than $1,000,000.00; and on the Third Cross Claim, that the defendant, **CLOSING NETWORK** demands judgment against defendants, **SADEK** and **FFE,** jointly and severally, legal fees and other expenses in the sum of not less than $25,000.00, or such sum of sums to be determined.

Yours, etc.

**ZISHOLTZ & ZISHOLTZ, LLP**

By: _____/S/_____
Meng Cheng (MC 5383)
Attorney for Defendant
**THE CLOSING NETWORK, LTD.**
Office and P.O. Address
170 Old Country Road, Suite 300
Mineola, New York 11501
(516) 741-2200