**ZISHOLTZ & ZISHOLTZ, LLP**
170 Old Country Road, Suite 300
Mineola, New York 11501
Tel.: (516) 741-2200
Fax: (516) 746-1024
Attorneys for Defendants, The Closing Network, Ltd.
and Steven Kwestel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
AURORA LOAN SERVICES LLC,                    Docket No.: 09-CV-9651 (HB)

       Plaintiff,

  -against-                                **AFFIRMATION**
                                           **IN SUPPORT**

DAVID SADEK; WINTHROP ABSTRACT, LLC;
FIRST FINANCIAL EQUITIES, INC.; THE
CLOSING NETWORK, LTD.; 100 W. 58TH ST. 7C
LLC; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; JPMORGAN CHASE BANK, N.A.;
BOARD OF MANAGERS WINDSOR PARK
CONDOMINIUM; WINDSOR TOV LLC; FREMONT
INVESTMENT & LOAN; JOHN DOES 1-10,

       Defendants.
-------------------------------------------------------------------x

  **Meng Cheng**, being an attorney at law duly licensed to practice law in the State of New York, and of counsel to the firm of **Zisholtz & Zisholtz, LLP**, the attorneys of record for the Defendant, **THE CLOSING NETWORK, LTD.**, (hereinafter referred to as **"CLOSING NETWORK"**) in the above-entitled action, affirms under the penalties of perjury as follows:

  1. I make this affirmation in support of Defendant, **CLOSING NETWORK's** motion seeking to dismiss plaintiff's causes of action for breach of contract and for negligence as against **CLOSING NETWORK** in its complaint.

2. This is an action instituted by the plaintiff, **AURORA LOAN SERVICES LLC.**, (hereinafter referred to as "**AURORA**"), to foreclose two Mortgages on two condominium units, Unit 7C and Unit 5F, located at 100 West 58th Street, New York, ("Unit 7C" and "Unit 5F"), *inter alia*, for breach of contract and negligence causes of action against the Defendant, **CLOSING NETWORK**.

3. Annexed hereto and made a part hereof as **Exhibit "A"** are copies of the pleadings.

4. Annexed hereto and made a part hereof as **Exhibit "B"** are copies of Amended Answer interposed by **CLOSING NETWORK**.

5. Annexed hereto and made a part hereof as **Exhibit "C"** are copies of the closing statements from Unit 7C and Unit 5F.

5. Annexed hereto and made a part hereof as **Exhibit "D"** are copies of the bank statements from escrow account of **CLOSING NETWORK** and account of Zucker & Kwestel, LLP.

6. Annexed hereto and made a part hereof as **Exhibit "E"** are copies of the marked-up title reports fro Unit 7C and Unit 5F.

7. Annexed hereto and made a part hereof as **Exhibit "F"** are copies of the Owner's Policy.

8. Annexed hereto and made a part hereof as **Exhibit "G"** are copies of the HUD-1 statements for both Unit 7C and Unit 5F on February 27, 2006.

9. Annexed hereto and made a part hereof as **Exhibit "H"** if a copy of Steven Kwestel's deposition transcript.

10. Annexed hereto and made a part hereof as **Exhibit "I"** if a copy of David Sadek's deposition transcript.

11. As set forth in detail in the Affidavit of **Steven Kwestel**, as attached hereto, which is collaborated with his deposition testimony and the documentary evidence, and in the attached Memorandum of Law, the Defendant, **CLOSING NETWORK**, was never the settlement agent of the February 21, 2006 Purchase closing nor the settlement agent at the February 27, 2006 Refinance closings with respect to the two condominium units, Unit 7C and Unit 5F, and, therefore, **CLOSING NETWORK**, has no duty or responsibilities concerning the closing documentation for any of the foregoing transactions.

12. Accordingly, the causes of action for breach of contract and negligence as against **CLOSING NETWORK**, should be dismissed as a matter of law.

13. On or about February 28, 2011, the defendant, **CLOSING NETWORK**, served its Amended Answer.

14. Defendant, **CLOSING NETWORK's** Amended Answer contains three cross claims against the defendants, **DAVID SADEK** (hereafter referred to as **"SADEK"**) and **FIRST FINANCIAL EQUITIES, INC.,** (hereinafter referred to as **"FFE"**) for fraud.

15. In each of the cross claims against the defendants, **SADEK** and **FFE**, a response is demanded.

16. On or about April 15, 2011, the defendant, **SADEK**, was properly served with the Amended Answer. Annexed hereto and made a part hereof as **Exhibit "J"** is a copy of the Affidavit of Service.

17. On or about April 27, 2011, the defendant, **FFE,** was properly served through the Secretary of State. Annexed hereto and made a part hereof as **Exhibit "K"** is a copy of the Affidavit of Service of **FFE.**

18. To date, the defendants, **SADEK** and **FFE** have not participated in the litigation and/or otherwise answered, responded or moved with respect to the allegations and claims contained in the cross claims of **CLOSING NETWORK.**

19. Neither defendant, **SADEK** nor Defendant, **FFE,** requested an extension of time to respond to the cross claims, nor was such extension of time was granted, and they are now in default.

20. By the reason of the foregoing, it is respectfully submitted that summary judgment seeking to dismiss causes of action for breach of contract and for negligence against defendant, **CLOSING NETWORK,** be granted.

**WHEREFORE**, your affiant respectfully prays for an Order granting defendants' Motion in all respects.

_____
MENG CHENG

Subscribed to this
10th day of June, 2011

4