Zisholtz & Zisholtz, LLP
170 Old Country Road, Suite 300
Mineola, New York 11501
(516) 741-2200
Fax (516) 746-1024
*Attorneys for Defendant -The Closing Network*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

AURORA LOAN SERVICES LLC,   Docket No.: 09-CV-9651 (HB)

          Plaintiff,

   -against-

**AFFIDAVIT**

DAVID SADEK; WINTHROP ABSTRACT, LLC,
FIRST FINANCIAL EQUITIES, INC.; THE
CLOSING NETWORK, LTD.; 100 W. 58TH ST. 7C
LLC; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; JPMORGAN CHASE BANK, N.A.;
BOARD OF MANAGERS WINDSOR PARK
CONDOMINIUM; WINDSOR TOV LLC; FREMONT
INVESTMENT & LOAN; JOHN DOES 1-10,

          Defendants.
------------------------------------------------------------------x

     **STEVEN KWESTEL,** being duly sworn deposes and says:

    1.    I am an officer and an attorney of the defendant, **THE CLOSING NETWORK, LTD.**(hereinafter referred to as **"CLOSING NETWORK"**) and am fully familiar with all of the facts and circumstances in this action, and make this affidavit in support of summary judgment dismissing causes of action against the defendant, **CLOSING NETWORK** in the summons and compliant.

    2.    This is an action instituted by the plaintiff, **AURORA LOAN SERVICES LLC,**

(hereinafter referred to as **"AURORA"**) to foreclose two mortgages on two condominium units, the Unit 7C and the Unit 5F located at 100 West 58th Street, New York, New York. ("Unit 7C" and "Unit 5F"), *inter alia,* for breach of contract and negligence causes of action against **CLOSING NETWORK**. Annexed hereto and made part here of as **Exhibit "A"** are copies of the pleadings.

3. In or about November 2005, the defendant, **DAVID SADEK** (hereinafter referred to as "SADEK") retained the law firm of **Zucker & Kwestel LLP**, a separate entity from the defendant, **CLOSING NETWORK,** and a non-party in this action, to represent **SADEK** as his counsel in connection with his purchase of two condominium units, Unit 7C and Unit 5F.

4. After the Contract of Sale was executed and prior to the closings, on behalf of the firm of **Zucker & Kwestel LLP**, I advised **SADEK** the sums of funds to be prepared for the purchase closings Unit 7C and Unit 5F.

5. Prior to the closings on or about February 21, 2006, **SADEK** wired all required funds to the law firm of **Zucker & Kwestel LLP's** account with respect to the purchase closings of Unit 7C and Unit 5F.

6. **SADEK** has also indicated that he would not be taken loans in the two condominium units purchase transactions at that time.

7. At no time was the **CLOSING NETWORK** involved in the purchase closings on February 21, 2006.

8. Therefore, no financial loan documents or related mortgage documents were presented nor executed at the closing on or about February 21, 2006 with respect to the purchase of Unit 7C and Unit 5F.

9. As a result, no mortgage tax credit was given to **SADEK** at the closing for his

2

Unit 7C and Unit 5F purchases. There were no charges for recording a mortgage in the title bill, either. Annexed hereto and made a part hereof as **Exhibit "C"** are copies of the closing statements for the two condominium units.

10. Subsequently, on or about February 27, 2006, **SADEK**, purportedly refinanced his Unit 5F Mortgages with the defendant, **FIRST FINANCIAL EQUITIES, INC.** (hereinafter referred to as "**FFE**") and his unit 7C mortgages with **FFE** in the sum of $1,200,000 and $1,350,000, respectively, in which defendant, **SADEK**, agreed to repay the sums under the terms and conditions of the Notes and Mortgages.

11. However, unbeknownst to **CLOSING NETWORK**, the defendant, **SADEK**, fraudulently represented himself as a member or an officer of the **CLOSING NETWORK**, and with the defendant, **FFE**, jointly and severally, falsely and fraudulently manipulated and generated the closing documents in relating to Unit 7C Refinance and Unite 5F Refinance, including the HUD-1 Statement, Notes and Mortgages on behalf of **CLOSING NETWORK**.

12. None of the closing documents including HUD-1 Statement was signed by **CLOSING NETWORK**.

13. At no time did the **CLOSING NETWORK**, participated as settlement agent with respect to the sham refinance closings of Unit 7C Refinance and Unit 5F Refinance which took place on or about February 27, 2006. Annexed hereto and made a part hereof as **Exhibit "D"** are copies of the bank statements from the escrow accounts of **CLOSING NETWORK** which indicate no such wiring transactions took place between February 27, 2006 and March 3, 2006. (In fact, the Mortgage Closing Escrow Account under Zucker & Kwestel, LLP was exclusively used for **CLOSING NETWORK** settlement closings.)

14. At no time was the **CLOSING NETWORK** in possession of the original Unit 7C Mortgage and its Note nor Unit 5F Mortgage and its Note, nor any of the closing documents with respect to Unit 7C Refinance and Unit 5F Refinance.

15. At no time was the **CLOSING NETWORK** the settlement agent at the February 21, 2006 purchase closings nor at February 27, 2006 refinance closings with respect to the two condominiums, Unit 7C and Unit 5F.

16. It follows that the defendant, **CLOSING NETWORK**, has no duty or responsibilities concerning the closing documentation for any of these foregoing transactions.

17. In addition, the firm of **Zucker & Kwestel LLP** never represented **FFE** in any of its bank closing transactions.

18. As a matter of the fact, it was the title company- **WINTHROP ABSTRACT, LLC's** duties and responsibilities to record the deed and mortgages for these foregoing transactions.

19. My attorney has advised me that summary judgment may be granted where there is no genuine issue of facts.

20. Here, there is no basis in law or facts on which plaintiff can maintain an action for breach of contract or for negligence against **CLOSING NETWORK**, as it is crystal clear that **CLOSING NETWORK** was not the settlement agent.

21. Therefore, there are nothing to prevent the granting of summary judgment on the issue of dismissing the causes of action against **CLOSING NETWORK**.

22. Under the circumstances, it is respectfully submitted that summary judgment be granted in favor of the defendant, **CLOSING NETWORK**.

**WHEREFORE**, your affiant respectfully prays for an Order granting the motion in all respects.

_____
STEVEN KWESTEL

Sworn to before me this
10th day of June, 2011

_____
- Notary Public -

ALAN MARC RUBIN
Notary Public, State of New York
No. 02RU4858594
Qualified in Nassau County
Commission Expires April 14, 2014

5