# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT having been entered into by and between WASHINGTON MUTUAL BANK (WAMU), DAVID and ETTY SADEK (the SADEKS), jointly and severally, and FIRST FINANCIAL EQUITIES (FFEI), this the 12th day of September, 2008.

## WITNESS

WHEREAS, on February 15, 2008, WAMU filed in the Superior Court of New Jersey, Bergen County, Chancery Division, General Equity, Civil Action C-69-08, alleging certain causes of action against FFEI and the SADEKS (the Litigation); and

WHEREAS, FFEI and the SADEKS, wishing to amicably resolve with WAMU claims outstanding in the Litigation, have agreed to enter into this Settlement Agreement; and

WHEREAS, WAMU wishing to settle the Litigation on the Terms and Conditions described herein; and

WHEREAS, the Parties desire to release each other and all of them from any and all liability for those claims asserted in the Litigation which are expressly resolved by this Agreement, with the express understanding that this Agreement does not constitute any admission of liability, wrongdoing, or other tortious conduct by any of the Parties.

NOW, THEREFORE, the parties hereto, intending to be legally bound, for good and valuable consideration, the receipt of which is acknowledged, do hereby agree as follows.

111175.01109/50360404v.4

1. **INCORPORATION OF PREAMBLE PARAGRAPHS**

   The aforementioned preamble paragraphs are incorporated by reference herein and made a part hereof.

2. **SETTLEMENT AGREEMENT**

   WAMU hereby agrees to dismiss, with prejudice, subject to the Terms and Conditions of this Settlement Agreement, the Litigation against FFEI, the SADEKS, and all other defendants.

3. **CONSIDERATION PAID BY THE DEFENDANTS**

   In consideration of WAMU's agreement to dismiss the Litigation, FFEI and the SADEKS, jointly and severally, agree to pay to WAMU the sum of $800,000.00, which sum shall be paid in the following manner (the Settlement Amounts):

   A. $400,000.00 simultaneously with the execution of the within Agreement; and

   B. $400,000.00 in increments of $50,000.00 payable every 90 days, with the first payment being due 90 days after the execution of the within Agreement.

4. **CONSIDERATION GIVEN TO FFEI AND THE SADEKS BY WAMU**

   As and for FFEI and the SADEKS agreement to pay the $800,000.00 to WAMU, WAMU agrees to and shall do the following:

   A. Dismiss, with prejudice, the litigation.

B. Specifically withdraw its claims for the loans designated as "unpaid loan fundings from 11/28/06 to 12/4/06: as identified in Schedule "P" of the exhibits appended to WAMU's Verified Complaint.

C. Specifically withdraw its claims for all "Schedule of Missing Payoffs", as identified in Schedule "Q" of the exhibits appended to WAMU's Verified Complaint.

D. Designate the following "Unrecorded Mortgages" as paid in full and the named mortgagors have been unconditionally and permanently released of all liability as to these unrecorded mortgages.

| Name | FLEX Line | Loan ID | Whse Date |
|---|---|---|---|
| • Miriam Greenberg | ANC3 | 20605096 | 5/15/2006 |
| • David Siegel | 2NC3 | 20609036 | 9/8/2006 |
| • David Siegel | 2NC3 | 20609037 | 9/8/2006 |
| • #7C LLC 100 W 58th | 1NC1 | 20609045 | 9/11/2006 |
| • Stewart Berman | 1NC1 | 20609179 | 9/27/2006 |
| • Stewart Berman | 1NC1 | 20609180 | 9/27/2006 |
| • David Cymet | 1NC1 | 20611084 | 11/20/2006 |

E. Sign, execute acknowledge and deliver any and all documents necessary to evidence the items set forth in paragraphs 4A.-D.

111175.01109/50360404v.4

5. **SECURITY FOR THE OBLIGATIONS OF THE SADEKS**

The SADEKS' obligation for the payment of the $800,000.00 shall be secured by an existing mortgage on the dwelling property located at 635 Norfolk Street, Teaneck, New Jersey. The SADEKS hereby acknowledge and agree that a filed mortgage on the aforementioned property exists in the favor of WAMU, dated March 6, 2007 and recorded on March 15, 2007 as Mortgage 16624, Page 663 of the Official Records of Bergen County. The aforementioned Mortgage shall remain in favor of WAMU until such time as all The Settlement Amounts payable by the SADEKS are satisfied under this Agreement. In the event of a default of any obligation of the SADEKS under this Agreement, the SADEKS agree that WAMU shall have the sole, unilateral right to commence and complete an action in foreclosure against the dwelling property described in this paragraph.

6. **ADDITIONAL CONSIDERATION FOR WAMU**

As additional consideration for WAMU entering into this Settlement Agreement, DAVID SADEK hereby acknowledges, agrees, covenants and warrants that he shall obtain deeds in lieu of foreclosure from his cousin RALPH SADEK for the 2 properties owned by DAVID SADEK, located in Florida and in which WAMU, having heretofore given mortgage loans to RALPH SADEK, secured by the properties and designated as Loan ID Nos. 20609127 and 20609128, which original amounts of said loans were, respectively $240,000.00 each. DAVID AND ETTY SADEK shall also execute deeds in lieu of foreclosure for the 2 properties described hereinabove. The

111175.01109/50360404v.4

deeds in lieu shall be delivered in recordable form contemporaneous with the execution of this Agreement in the form and content provided by WAMU.

### 7. ADDITIONAL CONSIDERATION FOR THE SADEKS

WAMU hereby agrees that it shall dismiss any and all causes of action commenced against those individuals and properties described in ¶4D as additional consideration for the execution of this Agreement by the SADEKS. Any such dismissal shall be without WAMU being required to pay costs or attorney fees of the defendants, and subject to the requirement that any counterclaim or cross claim of the defendants in any such action being dismissed with prejudice.

### 8. DEFAULT

An event of Default is provided in this Agreement shall consist of (1) any failure to make any payment provided in this Agreement or (2) any breach of any representation or warranty recited in this Agreement. Upon the occurrence of an Event of Default WAMU shall be entitled to the following remedies:

 a. Enter judgment against FFEI in the amount of $4,161,510, less credit for any payments already received from FFEI and the SADEKS; and

 b. Enter judgment against the SADEKS individually, jointly and severally for $800,000.00, less credit for any payments already made by FFEI and the SADEKS.

 c. Receive a default judgment of foreclosure against the dwelling property described in ¶5 hereinabove.

111175.01109/50360404v.4

8.1     Neither any extension of time by WAMU for FFEI or the SADEKS to make any payment or perform any act required pursuant to this Agreement, nor any deferral, delay or failure by WAMU to make or provide notice of an Event of Default, shall constitute any waiver thereof.

8.2     Upon notice to FFEI and the SADEKS of the occurrence of an Event of Default, FFEI and the SADEKS shall have three (3) business days to cure the Event of Default. Upon the failure of FFEI and the SADEKS to cure the Event of Default, WAMU shall be entitled forthwith to the entry of judgment against FFEI and the SADEKS, as set forth in paragraph 8a. and b. hereinabove, plus all costs, fees and legal expenses, including reasonable attorney fees, which shall include $50,000.00 for fees already incurred.

8.3     To the extent permitted by law, the entry of judgment pursuant to this Agreement shall not prejudice or derogate from any other rights of WAMU as a creditor of the mortgage as set forth in paragraph 5 of this Agreement.

9.      **RETENTION OF JURISDICTION**

The SADEKS and FFEI hereby acknowledge that this Settlement Agreement shall be incorporated by reference and made a part of the dismissal of the Litigation described hereinabove, with the Honorable Peter E. Doyne, P.J.Ch. retaining jurisdiction to enforce the Terms and Conditions of this Settlement including, but not limited to, the entry of judgment for any and all defaults hereunder. The parties acknowledge that this contract is governed by the Laws of the State of New Jersey and shall be exclusively enforced in the Chancery Division, General Equity, Bergen County, Judge Doyne presiding. The SADEKS and FFEI, jointly and severally, hereby agree to

111175.01109/50360404v.4

waive any and all defenses, causes of action, cross-claims, counterclaims, or any other agreements which shall or may arise in connection with this Settlement Agreement in the event of a default in the payments required hereunder by each of them, jointly and severally.

10. **RELEASE AND COMPROMISE**

In consideration of the terms and provisions of this Agreement, WAMU, FFEI and the SADEKS, and their respective agents, employees, partners, heirs, executor, administrators, successors in interest, officers, directors, shareholders, attorneys, insurance companies and assigns, hereby release and discharge each other from any and all claims arising out of or relating to the claims asserted by WAMU as plaintiff in the Litigation. WAMU's release shall be effective upon the completion of the payments described in ¶3 hereinabove.

11. **CONFIDENTIALITY**

11.1   The parties agree that the terms and existence of this Agreement, and the underlying dispute herein, shall remain confidential and shall not be disclosed to any person who is not a party herein, other than a spouse, accountants, financial advisors and their attorneys and consultants on a need to know basis. Any such disclosure shall be made only upon the prior agreement by such spouse, accountant, financial advisor, attorney and consultant to keep such terms and conditions confidential and to refrain from disclosure to any third party, subject to subparagraph 11.2 below. In response to any inquiries about this matter, the parties shall say only, "The dispute has been resolved" or similar words substantially to that effect. In the event that any party is ordered or commanded to appear in connection with any legal proceeding to testify concerning any

111175.01109/50360404v.4

of the matters covered herein, or to otherwise disclose details of the underlying dispute or the terms or existence of this Agreement, said party shall give reasonable notice thereof to the other parties, so as to allow the other parties to file an appropriate response or opposition to such and order or command.

11.2. Nothing in this ¶11 shall prohibit WAMU or its designated representatives from complying to the fullest extent of the law with any State or Federal governmental entity.

12. **GENERAL TERMS AND CONDITIONS**

12.1 Each of the undersigned Parties understands and agrees that this settlement involves a compromise of disputed claims. Each party agrees that no promises or inducements have been offered except as herein set forth. Neither this Agreement, nor any payment of a sum of money in connection herewith shall constitute, or be deemed or construed, as an admission of liability on the part of any of the Parties, each of whom expressly denies liability.

12.2 In making this Agreement, the undersigned Parties understand and agree that each has relied wholly upon his/her/its own judgment, belief, knowledge of the nature, extent and duration of alleged damages and injuries, and that the undersigned have not been influenced to any extent in making this Agreement by any representations or statements regarding alleged damages or injuries or regarding any other matter made by the persons, firms, entities or corporations which are hereby released, or by any person or persons representing them or any of them.

12.3 Each of the undersigned Parties hereby represents that he/she/it has not heretofore assigned or transferred or purported to assign or transfer any claim, demand,

action, cause of action, or right herein released or discharged hereby. Each of the undersigned parties represents and warrant that he/she/it has the right, power, legal capacity and authority to enter into and perform the obligations under this Agreement on his/her/its behalf, and that no further approval or consent of any person or entity is necessary in order to enter into and perform such obligations.

12.4   Each of the undersigned parties represents and warrants that he/she/it shall do all acts and deliver all documents necessary, convenient or desirable to effect all provisions of this Agreement.

12.5   In making this Agreement, each of the undersigned parties, on behalf of the heirs, executors, wards, administrators, agents, officers, directors, shareholders, successors in interest, attorneys and assigns of each party, acknowledges that the parties being released, their principals, insurance companies, adjustors, investigators and agents have at all times pertinent hereto negotiated, bargained and settled this matter in good faith and have, at all time prior hereto, conducted themselves in good faith and that this Agreement is being entered into in good faith by all parties and was negotiated through arm's length bargaining.

12.6   This Agreement shall be and inure to the benefit of the undersigned Parties and their respective heirs, executors, wards, administrators, agents, officers, directors, shareholders, successors in interest and assigns.

12.7   If any provision of this Agreement is determined by a court of competent jurisdiction to be illegal or unenforceable, and provision shall be deemed severed and deleted and neither shall such provision, in its severance or deletion, affect the validity of the remaining portions of this Agreement.

111175.01109/50360404v.4

12.8   This Agreement is an shall be subject to, governed by, and construed and enforced pursuant to the laws of the State of New Jersey.

12.9   This Agreement shall not be construed against any party as a result of the fact that the party or the party's representative drafted this Agreement, or any portion thereof.

12.10   Each party shall bear its own attorneys' fees and costs.

12.11   The terms of this Agreement are contractual and not a mere recital.

12.12   The order in which the paragraphs appear in this Agreement has no significance whatsoever.

12.13   In entering this Agreement, each of the parties acknowledges that he/she/it has had the advice of, or has had the means and opportunity to obtain the advice of independent counsel of his/her/its choice and has entered into this Agreement with the benefit of such advice or as a result of conscious, willing and informed decision not to obtain or follow such advice.

12.14   This Agreement contains the entire agreement between the Parties hereto with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. This Agreement may be amended only upon agreement in writing, signed by each of the parties affected thereby.

12.15   This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall be deemed to constitute one and the same document.

12.16   In the event of any legal proceeding to enforce any provision of this Agreement, such proceeding shall be in the County of Bergen, State of New Jersey,

111175.01109/50360404v.4

which shall be deemed to be the proper venue for such proceeding. Each party hereby submits to exclusive in personam, subject matter and other jurisdiction in connection with such proceeding.

12.17   In the event of any default in payment or any other breach or failure of any obligation provided in this Agreement ("Default"), regardless of whether the Default results in legal proceeding, the Defaulting Party shall be liable for all expenses reasonably incurred by any other party as a result of such Default, including reasonably attorney fees.

12.18   Any notice required or otherwise provided pursuant to this Agreement or in connection with the performance or enforcement thereof shall be deemed effective when mailed as follows:

To WAMU

Gordon J. Kovacs, Regional Manager Special Assets III
Washington Mutual Bank
3800 Buffalo Speedway, Flr 2
Houston, TX  77098

Theresa Marchlewski
Washington Mutual Bank
9200 Oakdale Avenue, N1 10701
Chatsworth, CA 91311

Geoffrey G. Olsen, Esq.
Washington Mutual Bank-Legal Department
9200 Oakdale Avenue, N1 10701
Chatsworth, CA 91311

111175.01109/50360404v.4

With copy to:

Philip B. Seaton, Esq.
Blank Rome LLP
301 Carnegie Center
Princeton, NJ 08540


To FFEI:

FIRST FINANCIAL EQUITIES, INC.
300 Frank Burr Way
Glenpointe Centre East
Teaneck, NJ 07666

To the SADEKS:

David Sadek
635 Norfolk Street
Teaneck, NJ 07666


With copy to:

William N. Dimin, Esq.
Spector & Dimin, PA
25 Rockwood Place, Suite 325
Englewood, NJ 07631

12

THE PARTIES HEREBY CERTIFY THAT THEY HAVE READ ALL OF THIS AGREEMENT AND FULLY KNOW AND UNDERSTAND THE CONTENTS HEREOF. EACH PARTY ACKNOWLEDGES HAVING THE ADVICE OF COUNSEL IN ENTERING THIS AGREEMENT AND THAT THE AGREEMENT HAS BEEN EXPLAINED TO THE SATISFACTION OF EACH PARTY BY HIS/HER/ITS COUNSEL.

WITNESS WHEREOF, the parties hereto have agreed to execute this document on this 12th day of September, 2008, and have the Terms and Conditions read and spread upon the record for Judge Doyne on that date.

WITNESS: _____

WASHINGTON MUTUAL BANK

By: _____
Gordon A. Kovacs,
First Vice President

WITNESS: _____

FIRST FINANCIAL EQUITIES, INC.

By: _____
David Sadek, President

WITNESS: _____

_____
DAVID SADEK

WITNESS: _____

_____
ETTY SADEK

111175.01109/50360404v.4

STATE OF   TEXAS      )
                      ) SS.:
COUNTY OF  HARRIS     )

On the 9th day of September, 2008, **Gordon A. Kovacs** personally came before me and stated to my satisfaction that:

(d) This person was the subscribing witness to the signing of the within instrument;

(e) this instrument was signed by **Gordon A. Kovacs**, who is the **First Vice President** and authorized representative of **WASHINGTON MUTUAL BANK.**, the entity named in this instrument and was fully authorized to and did execute this instrument on its behalf;

(f) the subscribing witness signed this proof under oath to attest to the truth of these facts.

*Linda LaNelle Farr*
Linda LaNelle Farr, Notary Public
in and for the State of TEXAS

Sworn and Subscribed to
Before me this  9th day
of September, 2008



LINDA LANELLE FARR
My Commission Expires
August 16, 2010

16

111175.01109/50360404v.4

STATE OF NEW JERSEY          )
                             ) SS.:
COUNTY OF __BERGEN__          )

On __Sept 12__, 2008, before me personally came DAVID SADEK, and acknowledged that he had read the foregoing Settlement Agreement and fully understood its terms and conditions, and executed the same as his free act and deed.

Sworn and Subscribed to
Before me this _____ day
of _____, 2008

_William N. Dorsin_
_Attorney at Law of New Jersey_


STATE OF NEW JERSEY          )
                             ) SS.:
COUNTY OF __Bergen__          )

On __Sept 12__, 2008, before me personally came ETTY SADEK, and acknowledged that he had read the foregoing Settlement Agreement and fully understood its terms and conditions, and executed the same as his free act and deed.

Sworn and Subscribed to
Before me this _____ day
of _____, 2008

_William N. Dorsin_
_Attorney at Law of New Jersey_

14

111175.01109/50360404v.4

STATE OF NEW JERSEY )
) SS.:
COUNTY OF __BERGEN__ )

On the __12__ day of __Sept__, 2008, DAVID SADEK personally came before me and stated to my satisfaction that:

(a) This person was the subscribing witness to the signing of the within instrument;

(b) this instrument was signed by **DAVID SADEK**, who is the President and authorized representative of **FIRST FINANCIAL EQUITIES, INC.**, the entity named in this instrument and was fully authorized to and did execute this instrument on its behalf;

(c) the subscribing witness signed this proof under oath to attest to the truth of these facts.

Sworn and Subscribed to
Before me this _____ day
of _____, 2008

_William N Devin_
_An Attorney at Law of_
_New Jersey_

_____

15

111175.01109/50360404v.4