# TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP
*Counselors at Law*

FOUR GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102
Newark (973) 622-3000
New York (212) 714-1720
Fax (973) 623-7780

William C. Sandelands
*Partner*

Tel: (973) 623-7059
E-Fax: (973) 623-7135
wsandelands@tompkinsmcguire.com

June 20, 2011

**BY FAX (212) 805-7901**

Hon. Harold Baer, Jr., U.S.D.J.
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 1007-1312

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/11

Re: Aurora Loan Services LLC v. David Sadek, et al.
Docket (USDC, SDNY): 09-cv-9651

Dear Judge Baer:

My office represents plaintiff Aurora Loan Services LLC ("Plaintiff") in the above-referenced matter. We submit this letter pursuant to Paragraph 5G of your Honor's Individual Practices, requiring Plaintiff to notify the court within ten days receipt of JPMorgan Chase's ("Chase") motion to dismiss whether Plaintiff intends to file an amended pleading or rely on the pleading being attacked. If needed at this stage in the litigation Plaintiff will file an amended pleading.

Plaintiff's Amended Complaint, filed April 14, 2010, is the pleading being attacked at this late juncture. The attack is based solely on Chase's claim that this court may lack diversity jurisdiction. Chase claims that Plaintiff did not adequately plead the citizenship of Plaintiff and of certain defendants, each of which is a limited liability company. Plaintiff acknowledges that its Amended Complaint does not contain specific allegations of the citizenship of each of the members of each of these limited liability companies but maintains that diversity jurisdiction does exist in this case. For the reasons below, we seek the court's guidance as to whether or not Plaintiff needs to file an amended pleading to more specifically allege diversity jurisdiction or whether the facts set forth in Plaintiff's motion for summary judgment filed Monday, June 13, 2011, is sufficient evidence in the record to support diversity jurisdiction.

At no time up until June 9, 2011 when Chase emailed its motion to dismiss did it ever even suggest it was challenging subject matter jurisdiction. As a result, Chase gave Plaintiff no opportunity to cure any potential defect in its pleading. At the time Chase served its motion discovery in this action was closed. Further, at the time the motion was served, Chase knew that all parties would be filing summary judgment motions by Monday, June 13, 2011 and that trial, if needed, would take place in September, 2011. On Monday, June 13, 2011, Plaintiff filed its motion for summary judgment and included proofs demonstrating that the members of Plaintiff

# TOMPKINS, McGUIRE, WACHENFELD & BARRY

and of defendant limited liability companies are citizens of different states resulting in complete diversity between these parties as required for diversity jurisdiction. We will lay out these same proofs in opposition to Chase's motion to dismiss.

It seems, based upon the fact that there is diversity among the limited liability companies and that the record before the court does or will fully evidence that fact, that the need to file an amended complaint at this late juncture to set forth the same thing contained in the summary judgment papers would be somewhat superfluous. This is why Plaintiff seeks the court's guidance. Does the court require that Plaintiff file an amended pleading at this late stage or will Plaintiff's factual averments in its summary judgment motion be sufficient? If the court requires the filing of an amended complaint, then Plaintiff intends on filing the amended complaint and would do so by Friday, June 24, 2011.

Respectfully,

William C. Sandelands
For TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP

WCS:ks

c: Cynthia A. Augello, Esq., *By fax*
Meng Michelle Cheng, Esq., *By fax*

My view is amended pleading even new [illegible] the long run to all concerned including the court. [illegible] you can do it by June 24) it will be effective [illegible] filed date.

SO ORDERED:

Harold Baer, Jr., U.S.D.J.

6/20/11

Endorsement:

    My view is an amended pleading even now will in the long run be beneficial (or may be ) to all concerned including the Court. Given you can do it by June 24, 2011 I will be expecting it on that date.