Baer, S

```
┌─────────────────────────────────────┐
│ USDS SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____                       │
│ DATE FILED: 9/20/11                  │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AURORA LOAN SERVICES LLC,

Plaintiff,

v.

DAVID SADEK; WINTHROP ABSTRACT, LLC; FIRST FINANCIAL EQUITIES, INC.; THE CLOSING NETWORK, LTD.; 100 W. 58TH ST. 7C LLC; JPMORGAN CHASE BANK, N.A.; BOARD OF MANAGERS WINDSOR PARK CONDOMINIUM; WINDSOR TOV LLC; FREMONT INVESTMENT & LOAN; JOHN DOES 1-10,

Defendants.

---

DOCKET NO.: 09-CV-9651 (HB)

STIPULATION AND ORDER

WHEREAS, this action having been commenced by plaintiff Aurora Loan Services LLC ("Aurora") on November 19, 2009 with the filing of the Summons and Complaint, an Amended Complaint having been filed on April 14, 2010 and a Second Amended Complaint having been filed on June 24, 2011, relating to relief sought, in part, with respect to the real property located at 100 West 58th Street, Unit 7C, New York, NY ("Unit 7C"), including Aurora's request for the imposition of an equitable mortgage on Unit 7C, for the subordination of a $650,000 mortgage recorded against Unit 7C and for foreclosure of its equitable mortgage;

AND, WHEREAS, Aurora is the holder of a mortgage dated February 27, 2006 in the amount of $1,350,000 given by David Sadek ("Sadek") to First Financial Equities LLC ("FFE"), which was to be recorded as a first lien on the Property, but was never recorded against the Property (the "Aurora Mortgage");

AND, WHEREAS, defendant JPMorgan Chase Bank, N.A. ("Chase") is the holder of a

mortgage dated September 11, 2006 in the amount of $650,000 given by 100 W. 58th St. 7C LLC ("7C LLC") to FFE secured by the Property (the "$650,000 Mortgage");

AND, WHEREAS, the $650,000 Mortgage was recorded in the Office of the City Register on December 15, 2006 under CRFN 2006000688570; and

AND, WHEREAS, the $650,000 Mortgage was assigned by FFE to Washington Mutual Bank ("WaMu") by assignment dated February 2, 2007 and recorded in the Office of the City Register on February 13, 2007 under CRFN 2007000082827; and

AND, WHEREAS, Aurora commenced an action on November 19, 2009 in the United States District Court for the Southern District of New York under docket 09-CV-9651 seeking, in part, to record the Aurora Mortgage and/or its imposition as an equitable mortgage on the Property (the "Action");

AND, WHEREAS, Chase filed an answer to the Amended Complaint on July 28, 2010 disputing Aurora's entitlement to the subordination of the $650,000 Mortgage and Aurora's entitlement to foreclose on the Aurora Mortgage (the "Answer");

AND, WHEREAS, by Default Judgment dated October 28, 2010, the court, among other things, entered default against 100 W. 58th Street 7C LLC, Board of Managers Windsor Park Condominium, First Financial Equities, Inc., Fremont Investment & Loan, Mortgage Electronic Registration Systems, Inc., Windsor Park Condominium, Windsor TOV LLC, Winthrop Abstract LLC, and David Sadek and granted Aurora the Aurora Mortgage as an equitable mortgage on Unit 7C;

AND, WHEREAS, in consideration of Aurora agreeing to pay Chase $215,000 out of the proceeds of either (1) the foreclosure sale of Unit 7C which results in a sale to a third party purchaser or (2) any real estate owned sale of Unit 7C to a third party purchaser if the foreclosure

2

sale of Unit 7C results in the property being sold to Aurora or (3) a short sale of Unit 7C to a third party purchaser, Chase agrees that the $650,000 Mortgage will be subject, subordinate and inferior in priority to the Aurora Mortgage;

AND, WHEREAS, nothing in the concurrently executed Settlement Agreement between Aurora and Chase is to be construed as altering or modifying the effect or priority of the $650,000 Mortgage with respect to any liens or mortgages existing on the Property now or in the future (other than with respect to the Aurora Mortgage) and that the $650,000 Mortgage remains in full force and effect in all other respects and retains priority as to all other mortgages or other liens encumbering the Property;

AND, WHEREAS, Aurora dismissed its claims against the Closing Network Ltd. by stipulation on August 18, 2011;

AND, WHEREAS, Aurora and Chase have amicably resolved the claims and defenses raised in this Action;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED, that the Answer filed by Chase is hereby withdrawn, that the Answer filed by Chase shall be deemed a Notice of Appearance and that all papers filed in this action shall be served upon counsel for Chase, and this Action is hereby deemed uncontested with respect to the Second and Fourth Causes of Action as more fully set forth in the Second Amended Complaint; and it is further

STIPULATED, AGREED AND ORDERED, that Aurora is granted judgment on the Second Cause of Action subordinating the $650,000 Mortgage to the Aurora Mortgage; and it is further

STIPULATED, AGREED AND ORDERED, that default is entered against all parties on the Fourth Cause of Action seeking to foreclose on the Aurora Mortgage and that this matter is

3

hereby referred to Elliot G. Sagor, Esq., Hogan Lovells US LLP, 875 3rd Avenue, Suite 2600,

New York, NY 10022 (212) 918-3641 as Referee to compute the sums currently due and owing

on the Aurora Mortgage; and it is further

STIPULATED, AGREED AND ORDERED, that Aurora shall file its request for final

judgment in this Action within thirty (30) days of the execution of the Referee's Oath and

Report.

Dated:   September 14, 2011

Tompkins, McGuire, Wachenfeld & Barry, LLP
*Attorneys for plaintiff Aurora Loan Services LLC*


By: William C. Sandelands
Four Gateway Center, Suite 5
Newark, NJ 07102
T: (973) 622-3000
F: (973) 623-7780

Cullen and Dykman, LLP
*Attorneys for defendant JPMorgan Chase Bank, N.A.*


By:   Cynthia A. Augello
100 Quentin Roosevelt Boulevard
Garden City, NY 11530-4580
T: (516) 357-3700
F: (516) 357-3792

SO ORDERED:


HAROLD BAER, JR., U.S.D.J.

This document was entered on the docket
on _____ 9/20 _____, 2011.

4